IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Morris Fuewell, # 279287, ) | Civil Action No.: 4:12-cv-01004-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Lt. J. Thompson; Lt. Willie Briscoe; ) | |
| Lt. Donald Gilchrist; Dr. Kosher; Dr. ) | |
| Koon; Director Joyce L. Young; ) | |
| Jennifer Franklin; Sgt. Cook; Capt. ) | |
| Joseph Stevens; Ida Culbreath; Lt. ) | |
| Harmon; Stephanie Marshall, Lt.; V. ) | |
| Aikens, Lt.; A. Reid, Cpl.; Sgt. ) | |
| Moss; Terry Andrews, HCA, and T. ) | |
| James, Nurse, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Randy Morris Fuewell, a state prisoner proceeding *pro* se, filed this action under 42 U.S.C. § 1983, alleging that the above-referenced Defendants violated his constitutional rights on numerous occasions. Subsequent to the filing of this action, Plaintiff filed a motion for a temporary restraining order and a preliminary injunction as to Defendant Tarcia James. The motion is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court deem Plaintiff's motion moot or alternatively deny the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action in April 2012. On October 1, 2012, Plaintiff filed this "Motion for Temporary Restraining Order and Preliminary Injunction." Mot., ECF No. 45. The twenty-eight-

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

1

page, handwritten motion requests that Defendant Tarcia James be "barred from preparing and/or delivering medical goods and services to Plaintiff." Mot. 1. However, as noted by the Magistrate Judge in his R&R, Plaintiff was subsequently transferred from the McCormick Correctional Institution to the Ridgeland Correctional Institution. R&R 2, ECF No. 143. Defendant James is a nurse at McCormick. ECF No. 132, at 1.

The Magistrate Judge issued his R&R on April 10, 2013, recommending that the Court deem Plaintiff's motion as moot because his is no longer subjected to the condition of which he complains in his motion. R&R 2. Alternatively, the Magistrate Judge recommends denying Plaintiff's motion because he has failed to meet the requisite factors enumerated in *Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7 (2008). *Id.* Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 149.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As noted above, the Magistrate Judge recommends deeming Plaintiff's motion moot, or alternatively denying the motion on its merits. Specifically, the Magistrate Judge concluded that Plaintiff's transfer from McCormick rendered his motion moot because he will no longer be placed in the care of Defendant James. Indeed, Plaintiff's motion sought a temporary restraining order and a preliminary injunction only as to Defendant James. In his objections, Plaintiff contends that "[u]nder no circumstances with 'mootness' apply in case." Objs. 3. He also maintains that Defendant James is in part "responsible for negative entries . . . placed in Plaintiff's record." *Id.*

However, after a review of the Magistrate Judge's R&R in light of Plaintiff's relevant objections, the Court finds no error. Given Plaintiff's transfer from McCormick, his request for temporary or preliminary injunctive relief is moot and, moreover, inappropriate. *See Winter*, 555 U.S. at 19 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Defendant James is no longer in a position to cause Plaintiff irreparable harm. Plaintiff's objections are, thus, overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motion, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 45) is **DENIED**.

**IT IS SO ORDERED.**

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
April 25, 2013