UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Morris Fuewell, # 279287, | ) C/A No. 4:12-1004-RBH-TER |
| Plaintiff, | ) |
| vs. | ) |
| Lt. J. Thompson; Lt. Donald Gilchrist; Dr. Kosher; Dr. Koon; Director Joyce L. Young; Jennifer Franklin; Capt. Joseph Stevens; V. Aikens, Lt.; Sgt. Moss; Terry Andrews, HCA, and T. James, Nurse, Mr. Richardson Warden Leroy Carledge; Sgt. Terry; Jane Doe; Dentist at Evans CI in 2003; Vera Courson, RN; Officer Hines; Dr. Randolph; Dr. John B. McRee; Dr. Kerbs; Dr. Thomas Moore; Major Frank Musier; Ms. Lambert; Ms. Sullivan; Capt. Baldwin; Sgt. J. Bell; and Cpl. Clarissa Jones, | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Randy Fuewell, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on April 13, 2012.[2] Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections and housed at the Ridgeland Correctional Institution in Ridgeland, South Carolina.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] Defendants Briscoe, Cook, Culbreath, Harmon, Marshall, and Reid were dismissed by Order of October 10, 2012, based on the absence of any allegations against them in the Amended Complaint. (Doc. # 51). A separate report and recommendation was issued with regard to the remaining Defendants, Lambert, Gilchrist, Bell, Hines, Cartledge, Franklin, Jones, Baldwin, Mursier, Ward, Aikens, Richardson, Thompkins, Stevens, Moss, and Terry.

Defendant Dr. Gary A. Kocher[3] filed a Motion to Dismiss and Motion for Summary Judgment on June 18, 2013. (Doc. #181). Because Plaintiff is proceeding *pro se*, he was advised on or about June 19, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's Motion for Summary Judgment could result in dismissal of his complaint. The Plaintiff failed to file a response in opposition to Defendant Kocher's motion.

Defendant William F. Krebs, DMD, filed a Motion to Dismiss and Motion for Summary Judgment on May 15, 2013. (Doc.#158). Because Plaintiff is proceeding *pro se*, he was advised on or about May 17, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's Motion for Summary Judgment could result in dismissal of his complaint. The Plaintiff failed to file a response in opposition to Defendant Kreb's motion.

Defendant David E. Koon Jr., filed a Motion to Dismiss on March 5, 2013. Because Plaintiff is proceeding *pro se*, he was advised on or about March 6, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's motion could result in dismissal of his complaint. The Plaintiff failed to file a response in opposition to Defendant Koon's motion. On June 18, 2013, Dr. Koon filed a Motion for Summary Judgment. Plaintiff was advised on or about June 18, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's Motion for Summary Judgment could result in dismissal of his complaint. The Plaintiff failed to file a response in opposition to Defendant Koon's Motion for Summary Judgment.

---

[3] Defendant asserts this is the correct spelling as Plaintiff had misnamed him as Dr. Kosher in his pleadings. (Doc. # 181).

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' Motions for Summary Judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to Defendants Kocher, Koon, and Krebs.

In the alternative, the undersigned will address the Defendants' Motions for Summary Judgment in relation to the issues raised in the petition.

## II. DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable

to the non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." <u>Id.</u> at 322; <u>see</u> <u>also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### B. ARGUMENT OF PARTIES/ANALYSIS

<u>Dr. Krebs</u>

Plaintiff alleges that Dr. Krebs "finally extract that tooth that was causing severe pain and bad breath" on October 16, 2011. (Doc. #61, p. 4). Plaintiff alleges that after Dr. Krebs extracted his tooth, the socket never closed up causing him to be on antibiotics for three to four weeks. Plaintiff alleges that he rinsed his mouth with warm salt water twenty-four hours after the tooth was extracted and "oris" was pouring out of his nose and nasal passage causing a severe burning sensation and

5

causing choking and strangulation all at the same time. Plaintiff alleges that Dr. Krebs sent him to an oral surgeon. (Doc. #61-1, p. 5).

Defendant Krebs asserts that he extracted an upper left molar during a dental visit on October 21, 2011. After the extraction site did not fully close, he referred Plaintiff to an oral surgeon for repair which was completed on December 6, 2011, all based on Plaintiff's SCDC medical and dental records. Defendant Krebs argues Plaintiff has failed to provide any evidence showing the applicable standard of care for a dentist, any breach therefrom, or that an alleged negligent act caused Plaintiff any injury or damages. Defendant Krebs argues that Plaintiff has provided no testimony or evidence that he did the extraction incorrectly or that the exposure of the sinus cavity was caused by negligence instead of being an unfortunate but recognized complication. Krebs asserts Plaintiff has not named a standard of care expert as is required in a medical malpractice claim, including dental malpractice, in order to prove his case. As to any claims under 42 U.S.C §1983, Krebs asserts Plaintiff has not made the requisite necessary allegations. Krebs argues he evaluated and treated Plaintiff based on his individual professional judgment and the dental standard of care and that Plaintiff has failed to establish that he was deliberately indifferent to a serious medical need.

As held in Estelle v. Gamble, 429 U.S. 97, 107 (1976), a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Also,

6

42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989); Estelle v. Gamble, supra, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") See also Brooks v. Celeste, F. 3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan, supra, held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109 (3rd Cir. 1990); and Smart v. Villar, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

Even if Plaintiff's allegations are true, he has shown nothing more than a disagreement with the dental treatment provided, not that he was completely denied dental treatment by Dr. Krebs. Dr. Krebs extracted his molar after Plaintiff complained of pain. When the sinus cavity did not completely close from the extraction, he referred him to an oral surgeon. Plaintiff has not shown that any conduct by the Defendant "shocks the conscious" as required by Miltier v. Beorn, supra. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice" Jackson v. Fair, supra. The type and amount of medical care is left to the discretion of prison officials as long as medical care is provided. Brown v. Thompson, supra. Any disagreement between an inmate and medical personnel generally fails to state a claim.

Furthermore, Plaintiff has not complied with the requirements of S.C. Code Ann. 15-79-110 and 15-36-100 for filing medical malpractice claims. Plaintiff did not file a notice of intent to file

suit and did not file an affidavit of an expert witness prior to filing suit. A plaintiff alleging a medical, including dental, malpractice claim must prove by a preponderance of the evidence the following:

    (a)    the recognized and generally accepted standards, practices, and procedure in the community which would be exercised by competent physicians in the same specialty under the same circumstances;

    (b)    that the physician or medical personnel negligently deviated from the generally accepted standards, practices, and procedures;

    (c)    that such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury; and

    (d)    that the plaintiff was injured.

Dumont v. United States, 80 F.Supp.2d 576, 581 (D.S.C.2000) (internal citations omitted). Furthermore, the plaintiff must establish by expert testimony both the "standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct." Martasin v. Hilton Head Health Sys. L.P., 364 S.C. 430, 613 S.E.2d 795, 799 (2005) (citation omitted). In South Carolina, the burden of proof in a medical malpractice case is entirely on the plaintiff. Dumont, 80 F.Supp.2d at 581. As set out above, Plaintiff has not complied with statute for filing a medical malpractice suit and has failed to create an issue of fact to survive summary judgment. Therefore, it is recommended that any claims for medical malpractice be dismissed and summary judgment granted in favor of Defendant Krebs.

Dr. Kocher

    In his Amended Complaint, Plaintiff alleges that on January 27, 2007, Dr. Kocher "put drops into [Plaintiff's] left eye that cause severe pain and immediately all [his] joints was in severe pain."

(Doc. #61, p. 1). Plaintiff alleges that he is a diabetic with neuropathy and retinopathy associated with the progression of that disease and that he has had severe pain in his eyes and joint pain on a daily basis since receiving the eye drops. Id.

Dr. Kocher asserts that, at all times relevant to this complaint, he was an opthalmologist in private practice in Columbia, South Carolina working under contract with the SCDC to treat inmates referred to him by the SCDC. (Doc. #181). Dr. Kocher argues he is entitled to summary judgment because this action is barred by the applicable statute of limitations in that Plaintiff did not file this action within three (3) years. Additionally, Dr. Kocher asserts Plaintiff has failed to present any evidence to show Dr. Kocher violated any of his constitutional rights, has failed to show that he was deliberately indifferent to Plaintiff's serious medical needs, has failed to exhaust his administrative remedies, failed to present the statutorily required expert testimony showing Dr. Kocher deviated from the applicable standard of care in his treatment of Plaintiff, and has failed to comply with the requirements of S.C. Ann. 15-79-125 and/or 15-36-100.

Liberally construed, Plaintiff's complaint raises a state law medical malpractice claim and a deliberate indifference claim pursuant to 42 U.S.C. § 1983. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235, 239, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); S.C.Code Ann. § 15–3–530(5). The limitations period for a medical malpractice action under South Carolina law is likewise three years. See S.C.Code Ann. § 15–3–545(A). Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct. See Epstein v. Brown, 610 S.E.2d 816, 376 (S.C.2005); S.C.Code Ann. § 15–3–535(A). In this case, Plaintiff alleges that Dr. Kocher put eye drops into his

9

left eye on January 27, 2007, which caused immediate severe pain in his eye and "all of his joints." (Amended complaint, doc. #61). Using the discovery rule, Plaintiff's cause of action against Defendant Kocher accrued no later than January 27, 2007. Epstein, supra. Plaintiff did not file this action until April 13, 2012, which is well beyond the three-year statute of limitations. Additionally, Plaintiff has failed to comply with the requirements of S.C. Code Ann. 15-79-110 and 15-36-100 for filing medical malpractice claims. Plaintiff did not file a notice of intent to file suit and did not file an affidavit of an expert witness prior to filing suit as discussed above with relation to medical malpractice claims. Thus, it is recommended that summary judgment be granted for Defendant Kocher.[4]

Dr. Koon

As to Dr. Koon, Plaintiff alleges as follows in his amended complaint:

> February 2009 Dr. David E. Koon: surgeon who done carpal tunnel surgery on my left hand. After the nurse snatched of[f] the blood pressure cuff off my right arm. I was awaken to find a bruise from her actions. Immediately, I noticed that my left hand was on fire. I complain immediately about the fire in left hand to noticed a blood spot the size of a pea. I went to S/C constantly complaining about the severe burning like fire pain. Just to be ignored by Nurse Hampton. ...

(Doc. #61, p. 1).

Dr. Koon filed a Motion for Summary Judgment on June 18, 2013, arguing that there is no evidence of medical malpractice, the action is barred by the statute of limitations, and there is no evidence of deliberate indifference to serious medical needs.

---

[4] As Plaintiff's claims against Defendant Kocher are barred by the statute of limitations and failure to comply with S.C. Code Ann. 15-79-110 and 15-36-100 for filing medical malpractice claims, it is not necessary to address the remainder of Defendant Kocher's arguments.

As discussed above, the applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. at 239; S.C.Code Ann. § 15–3–530(5). The limitations period for a medical malpractice action under South Carolina law is likewise three years. See S.C.Code Ann. § 15–3–545(A). Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct. See Epstein v. Brown, supra. ; S.C.Code Ann. § 15–3–535(A). In this case, Plaintiff alleges that Dr. Koon was the surgeon who performed carpal tunnel surgery on his left hand in February 2009[5]. Plaintiff alleges he noticed that his left hand was on fire and complained immediately once he woke up from the surgery. (Amended complaint, doc. #61). Using the discovery rule, Plaintiff's cause of action against Defendant Koon accrued no later than February 2009. Epstein, supra. Plaintiff did not file this action until April 13, 2012, which is well beyond the three-year statute of limitations.[6] Thus, it is recommended that summary judgment be granted for Defendant Koon.[7]

---

[5] The medical records indicate the carpal tunnel release surgery was performed on Plaintiff's left hand on January 28, 2009. The last time Plaintiff was seen by Dr. Koon or Dr. Walsh, another employee of the USC School of Medicine, was February 23, 2009.

[6] Additionally, Plaintiff has failed to comply with the requirements of S.C. Code Ann. 15-79-110 and 15-36-100 for filing medical malpractice claims. Plaintiff did not file a notice of intent to file suit and did not file an affidavit of an expert witness prior to filing suit as discussed above with relation to medical malpractice claims.

[7] Defendant Koon also has pending a Motion to Substitute and a Motion to Dismiss based on Eleventh Amendment immunity and the South Carolina Tort Claims Act (SCTCA). As set forth above, the federal claims alleged against Dr. Koon are barred by the applicable statute of limitations. Because there are no remaining federal claims, this court should decline jurisdiction over the state law claims and the pending Motions to Substitute and Dismiss be deemed moot.

## CONCLUSION

Based on the above reasoning, it is recommended that the Motions for Summary Judgment by Defendants Krebs, Koon and Kocher (docs. #158, #177, and #181) be GRANTED and the Motion to Substitute and Dismiss by Defendant Koon (doc. #106) be deemed MOOT. It is further recommended that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 31, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**