IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Morris Fuewell, #279287 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Lt. J. Thompson; Lt. Donald ) | |
| Gilchrist; Dr. Kosher; Dr. Koon; ) | Civil Action No.: 4:12-cv-1004-RBH |
| Director Joyce L. Young; Jennifer ) | |
| Franklin; Capt. Joseph Stevens; V. ) | |
| Aikens, Lt.; Sgt. Moss; Terry ) | |
| Andrews, HCA, and T. James, ) | |
| Nurse, Mr. Richardson Warden ) | |
| Leroy Carledge; Sgt. Terry; Jane ) | |
| Doe; Dentist at Evans CI in 2003; ) | |
| Vera Courson, RN; Officer Hines; ) | |
| Dr. Randolph; Dr. John B. McRee; ) | **ORDER** |
| Dr. Kerbs; Dr. Thomas Moore; ) | |
| Major Frank Musier; Ms. Lambert; ) | |
| Ms. Sullivan; Capt. Baldwin; Sgt. J. ) | |
| Bell; and Cpl. Clarissa Jones, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Randy Morris Fuewell, #279287 ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging that Defendants violated his constitutional rights by being deliberately indifferent to his medical needs and interfering with his mail. Plaintiff also makes various other conclusory allegations regarding actions of several of the named defendants which purportedly violated his constitutional rights. The matter is before the Court for review of the Reports and Recommendations ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* ECF Nos. 200, 202.

In the first Report and Recommendation, the Magistrate Judge recommends that the Court grant the Motion for Summary Judgment jointly made by Defendants Lt. J. Thompson; Lt. Donald

Gilchrist; Director Joyce L. Young; Jennifer Franklin, Capt. Joseph Stevens; V. Aikens, Lt.; Sgt. Moss; Terry Andrews, HCA; T. James, Nurse; Mr. Richardson; Warden Leroy Carledge; Sgt. Terry; Vera Courson, RN; Officer Hines; Dr. John B. McRee; Dr. Thomas Moore; Major Frank Musier; Ms. Lambert; Ms. Sullivan; Capt. Baldwin; Sgt. J. Bell; and Cpl. Clarissa Jones,[1] and that the Court decline to exercise jurisdiction over any pendent claims asserted under state common law, to the extent any exist. *See* ECF No. 200 at 24–25. This R & R also recommends that Defendant Dr. Randolph be dismissed for failure to state a claim against him upon which relief can be granted, as the only allegation in the Amended Complaint related to this Defendant was that Plaintiff saw a Dr. Randolph who allegedly stated Plaintiff was bleeding behind his eyes. *See id.* at 25. Finally, the R & R notes that the summons as to Defendant Jane Doe Dentist was returned unexecuted.

In the Second R & R, the Magistrate Judge recommends that the Court dismiss Defendants Krebs, Koon, and Kocher either pursuant to Rule 41(b) of the Federal Rules of Civil Procedure or, alternatively, on the merits by granting the respective Motions for Summary Judgment made by these Defendants, *see* ECF Nos. 158, 177, and 181.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[1] Defendants Briscoe, Cook, Culbreath, Harmon, Marshall, and Reid were dismissed by Order of this Court dated October 10, 2012, based on the absence of any allegations against them in the Amended Complaint.

Neither party has filed objections to the Reports and Recommendations. In the absence of objections to the Reports and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Reports and Recommendations of the Magistrate Judge are adopted and incorporated by reference.

Therefore, it is **ORDERED** that the Motion for Summary Judgment jointly made by Defendants Lt. J. Thompson; Lt. Donald Gilchrist; Director Joyce L. Young; Jennifer Franklin, Capt. Joseph Stevens; V. Aikens, Lt.; Sgt. Moss; Terry Andrews, HCA; T. James, Nurse; Mr. Richardson; Warden Leroy Carledge; Sgt. Terry; Vera Courson, RN; Officer Hines; Dr. John B. McRee; Dr. Thomas Moore; Major Frank Musier; Ms. Lambert; Ms. Sullivan; Capt. Baldwin; Sgt. J. Bell; and Cpl. Clarissa Jones, ECF No. 176, is **GRANTED**. Moreover, the Court agrees that Plaintiff has failed to state a claim upon which relief can by granted against Defendant Randolph and thus the Complaint is **DISMISSED**, *without prejudice*, as to any claims asserted against him.

The Complaint is also **DISMISSED**, *with prejudice*, as to Defendant Jane Doe Dentist. The Court may consider the statute of limitations *sua sponte* for a complaint filed *in forma pauperis*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (2006). Here, the face of Plaintiff's Amended Complaint clearly alleges that Defendant Jane Doe Dentist extracted "the wrong tooth,

for captol [sic] gain" in July of 2003.  *See* ECF No. 61 at 1.  Plaintiff's complaint was not filed until April 13, 2012.  Plaintiff's claim against Defendant Jane Doe Dentist was filed well beyond the applicable three year statute of limitations for any federal claim that the Complaint could be construed to assert, which the Court determines would be for violation of § 1983.  *See* S.C. Code Ann. § 15-3-530 (providing for a general three year statute of limitations); *Williams v. City of Sumter Police Dept.*, No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *2–3 (D.S.C. Feb. 23, 2011) (explaining in detail the legal doctrine supporting the application of South Carolina's general three-year statute of limitations in § 1983 personal injury actions).  Accordingly, dismissal is appropriate because the claim asserted against Defendant Jane Doe Dentist is barred by the applicable statute of limitations.

It is further **ORDERED** that Defendants Krebs, Koon, and Koshers' Motions for Summary Judgment, ECF Nos. 158, 177, and 181, are also **GRANTED**.

Accordingly, Plaintiff's Amended Complaint is **DISMISSED**, *with prejudice*, as to all Defendants except Defendant Dr. Randolph.  Plaintiff's Amended Complaint is **DISMISSED**, *without prejudice*, as to Defendant Dr. Randolph.  To the extent the Amended Complaint can be construed to assert any claims pursuant to South Carolina state law, the court **DECLINES** to exercise pendent jurisdiction over those state law claims.

Plaintiff's Motion to re-serve Defendant Sullivan, ECF No. 169; Motion to Appoint Counsel, ECF No. 185; Motion to re-serve Dr. Randolph, ECF No. 208; Motion to Appoint Counsel, ECF No. 213;  and Motion to Retalitory [sic] Retaliation, ECF No. 216 are **DENIED** as **MOOT**.  Defendant Koon's Motion to Substitute and Dismiss, ECF No. 106, is also **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

5

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 3, 2014